IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DEVADNEY S. LAUDERDALE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:17-CV-8001-KOB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

This matter is before the court on the "Government's Motion to Dismiss Lauderdale's Motion to Vacate Pursuant to 28 U.S.C. § 2255." (Doc. 8). In its motion, the Government asserts that Mr. Lauderdale's motion to vacate is untimely because he did not file it within one year of "'the date on which judgment of conviction [became] final.'" (Doc. 8 at 2) (citing 28 U.S.C. § 2255(h)(1)). The Government asserts that Mr. Lauderdale had until December 27, 2016[1] to file his habeas motion, but that he did not file it until January 12, 2017.[2]

The court ordered Mr. Lauderdale to show cause in writing why the court should not grant the Government's motion to dismiss his motion to vacate based on

---

1 The Government mistakenly put December 27, *2015* as the deadline, but the correct deadline was December 27, *2016*.

2 Pursuant to the "Mailbox Rule," the date Mr. Lauderdale signed his petition is the date he presumably placed it in the prison mail and serves as the "filing date." *See Jeffries v. United States*, 748 F.3d 1310, 1313, 1314 (11th Cir. 2014). In his petition, Mr. Lauderdale indicates he placed his petition "in the prison" on "Dec 27, 2017"; however, he put "1-12-2017" as the "Executed (signed)" date on the actual petition. (Doc. 1 at 13).

his untimeliness. The court instructed Mr. Lauderdale to include any information regarding whether the court should apply the doctrine of equitable tolling and to give <u>each and every fact</u> to support that he pursued his rights with reasonable diligence and that extraordinary circumstances beyond his control caused his untimeliness. (Doc. 10).

Mr. Lauderdale responded to the Show Cause Order on July 21, 2017, explaining that he had "already filed a [timely] '2255' around 'May and June 2016,'" but the court did not accept that filing because he did not sign the petition as required. (Doc. 12). He also claimed that the prison "lockdowns" and his lack of knowledge of the law prevented him from filing his current § 2255 petition on time.

For the following reasons, the court finds that the doctrine of equitable tolling does not apply in this case and that the Government's motion to dismiss Mr. Lauderdale's habeas motion as untimely is due to be granted.

*Applicable Law on Equitable Tolling*

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations for filing a habeas motion under 28 U.S.C. § 2255, which begins to run "the date on which the judgment of conviction becomes final." *See* 28 U.S.C. § 2255(f)(1). "[P]ro se litigants, like all others, are deemed to know of the one-year statute of limitations." *Outler v. United States*, 485 F.3d 1273, 1282 n. 4 (11th Cir. 2007).

When a petitioner files a § 2255 motion outside of the statue of limitations period, the court may still review the motion *if* the petitioner shows that the doctrine

of equitable tolling applies. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). Under the equitable tolling doctrine, the petitioner has the burden of proving that the circumstances warrant application of the doctrine. *Id.* at 1268 (citing *Drew v. Dept. of Corrects.*, 297 F.3d 1278, 1286 (11th Cir. 2002)).

Equitable tolling is a "rare and extraordinary remedy" and applies only if Mr. Lauderdale shows "(1) that he has been pursuing his rights diligently, *and* (2) that some extraordinary circumstance stood in his way and prevented timely filing." *See San Martin*, 633 F.3d at 1267, 1271 (quoting *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010)) (emphasis added). Under the first requirement of equitable tolling, the petitioner must pursue his rights with "reasonable diligence," rather than "maximum feasible diligence." *Holland*, 130 S. Ct. at 2565. Furthermore, under the second requirement, the petitioner must show that an extraordinary circumstance *beyond his control* prevented him from filing the petition timely. *San Martin,* 633 F.3d at 1267.

*Mr. Lauderdale's First Habeas Action*

Mr. Lauderdale filed his first Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on June 17, 2016. (Doc. 1 in 1:16-cv-8109-KOB). However, he failed to sign or verify his § 2255 motion as required by 28 U.S.C. § 2242. On July 1, 2016, the court ordered Mr. Lauderdale to file a habeas petition within twenty-one days that complied with 28 U.S.C. § 2242. (Doc. 3 in 1:16-cv-8109-KOB). The court warned Mr. Lauderdale in that Order that failure to submit a proper habeas motion would result in dismissal of the action without further notice.

The Clerk sent a copy of that Order to Mr. Lauderdale at his address on file at the time at USP McCreary.

On July 13, 2016, the postal service returned that mailing marked "Undeliverable" because Mr. Lauderdale was no longer at that address. The court discovered that the Bureau of Prisons had moved Mr. Lauderdale to USP Canaan and ordered the Clerk on July 19, 2016 to send a copy of its July 1, 2016 Order to Mr. Lauderdale at his new address. (Doc. 5 in 1:16-cv-8109-KOB). The court also gave Mr. Lauderdale an additional fourteen days from the date of that Order to file a habeas petition in compliance with the law. (Doc. 6 in 1:16-cv-8109-KOB). However, Mr. Lauderdale failed to file a habeas petition that complied with 28 U.S.C. § 2242 as ordered. Therefore, the court dismissed without prejudice his first habeas action for failure to prosecute on September 16, 2016. (Doc. 8 in 1:16-cv-8109-KOB).

Almost four months after the court dismissed his first habeas action, Mr. Lauderdale filed this habeas action on January 12, 2017. Mr. Lauderdale has failed to show that, between September 16, 2016 when the court dismissed his first habeas action without prejudice and December 27, 2016, the deadline for filing a timely habeas motion, he exercised reasonable diligence or that any extraordinary circumstances beyond his control existed for failing to file a timely habeas motion.

*Equitable Tolling Does Not Apply*

Mr. Lauderdale does not dispute that he had until December 27, 2016 to file a timely habeas motion under § 2255, but did not file his current habeas motion until

January 12, 2017. So unless the doctrine of equitable tolling applies, his motion is time-barred. The court cannot find adequate grounds in his motion or in his response to the court's Show Cause Order to warrant application of the doctrine of equitable tolling.

The court acknowledges that Mr. Lauderdale attempted to file a timely habeas motion on June 17, 2016, but he failed to sign or verify it as required by 28 U.S.C. § 2242. (Doc. 1 in 1:16-cv-8109-KOB). But the court gave Mr. Lauderdale ample opportunity to correct that deficiency in his first habeas action, and he failed to do so. In this case, he has shown no extraordinary circumstances to justify his failure to file a timely habeas motion while confined at USP Canaan between July 19, 2016 and December 27, 2016—the deadline for filing his habeas motion.[3] He has also failed to show any reasonable diligence on his part to file a timely habeas petition.

Mr. Lauderdale claims that he was placed in "protect[ive] custody" "on and around Nove[m]ber 26-27," 2016 at USP Canaan. (Doc. 12 at 1). He also claims that he was subject to "all the 'lockdowns'" at USP Canaan that prevented him from accessing "'legal materials.'" (Doc. 1 at 2). Yet, he gives no details about his alleged "protective custody" or explanation as to how such custody would prevent him from signing his habeas motion and delivering it to prison officials before the deadline.

Even if his "protective custody" beginning November 26, 2016 created some impediment, Mr. Lauderdale gives no explanation why he could not have timely filed

---

3  Mr. Lauderdale listed USP Canaan as his place of confinement when he signed his habeas motion in the present case. So the court presumes he was at USP Canaan from at least July 19, 2016 through January 12, 2017.

a habeas motion between July 19, 2016 when the court gave him notice that he needed to simply sign his first habeas motion and November 26, 2016 when his protective custody at USP Canaan allegedly began. He had four months at USP Canaan during this time to file a timely habeas motion and has failed to give any specific facts regarding why he could not do so.

Mr. Lauderdale also fails to give dates or durations for the alleged "lock downs" to show that he had no opportunity to file his habeas motion in a timely fashion. Typically, lockdowns at a prison do not constitute "extraordinary circumstances" to invoke equitable tolling. *See Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000) (holding that a prison lockdown would not invoke equitable tolling where the petitioner had adequate time before or after lockdown to file a timely habeas motion); *see also Dodd v. United States*, 365 F.3d 1273, 1282-83 (11th Cir. 2004) ("*Akins* suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate.").

Moreover, Mr. Lauderdale does not allege that prison officials blocked him from accessing his legal papers for the purpose of obstructing his timely filing of his habeas motion during these "lockdowns," or that the lockdowns were unconstitutional in any way. He admits in his habeas motion that he was allowed a pencil and his papers during "lockdown" and claims to have written the habeas motion while in "lockdown." (Doc. 1 at 14). So his time in "lockdown," without more, would not justify his failure to timely file his habeas motion. Mr. Lauderdale has shown no

extraordinary circumstance why he could not file a habeas motion by the December 27, 2016 deadline.

Further, Mr. Lauderdale has failed to demonstrate that he acted with reasonable diligence to file a timely habeas motion while confined at USP Canaan. He does not set forth any facts to establish that he diligently sought to file a § 2255 motion during his time in "protective custody" or during the "lockdowns"; that he made any efforts to file his habeas motion on time while he was incarcerated at USP Canaan but was prevented from doing so; or that he undertook any action to suggest he acted with reasonable diligence to timely file his habeas motion.

Because Mr. Lauderdale failed to show that any extraordinary circumstances beyond his control existed that prevented him from filing a timely habeas motion or that he exercised reasonable diligence to file his motion on time, the court finds that application of the equitable tolling doctrine is not warranted and the Government's motion to dismiss is due to be granted (doc. 8). Because his motion to vacate is untimely, the court finds that his motions for appointment of counsel are due to be denied as moot (docs. 11 & 13).

The court will enter a separate Final Order.

DONE and ORDERED this 4th day of December, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE